UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONALD D. WYATT,

Defendant.

Case No. 2:08-CR-0124-KJD-GWF

ORDER

Presently before the Court is Defendant's Motion for Early Termination of Supervised Release (#85). Though Defendant filed the motion ex parte, the Court ordered the motion to be served on the Government and ordered the Government to respond within fourteen (14) days of service of the motion. The Court notified the Government that failure to file a response in opposition would be construed by the Court as consent to granting the motion. Though the time for doing so has passed, no response in opposition has been filed.

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Title 18 U.S.C. § 3583(e) states:(e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the

defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant began a four-year term of supervised release on July 17, 2015. Defendant has completely complied with the terms of supervised release. Defendant successfully completed the RDAP program. Defendant owes no fines or restitution. He has maintained stable employment and a stable residence. The Government has not opposed early termination. Therefore, having considered the statutory and advisory factors promulgated by the Judicial Conference, the Court finds the termination of supervision is warranted by conduct of Defendant and the interests of justice.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion Early Termination of Supervised Release (#85) is **GRANTED**.

Dated this 29th day of April, 2019.

_____
Kent J. Dawson
United States District Judge